J-S22041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK JERMAINE BOONE | : | |
| | : | |
| Appellant | : | No. 1868 MDA 2019 |

Appeal from the PCRA Order Entered November 4, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001229-2015

BEFORE: OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JULY 06, 2020**

Appellant, Derrick Jermaine Boone, appeals, *pro se*, from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On November 28, 2017, Appellant pleaded guilty to voluntary manslaughter, aggravated assault, and person not to possess firearms.[2] That same day, the trial court sentenced Appellant to an aggregate term of incarceration of 12 to 30 years. On December 12, 2017, the trial court filed an amended sentencing order that clarified the period for which Appellant would receive credit for time served prior to the entry of the plea. Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2503(b), 2702(a)(4), and 6105(a)(1).

did not file a motion for reconsideration of the sentence or a direct appeal from the judgment.

On April 4, 2018, Appellant filed, *pro se*, his first PCRA petition. In the petition, Appellant asserted that his guilty plea was not knowing, voluntary, and intelligent, that he was coerced into accepting the plea by his plea counsel despite his innocence, and that his plea counsel provided ineffective assistance of counsel. PCRA Petition, 4/4/18, at 4, 7-8. The PCRA court appointed counsel to represent Appellant, and Appellant's PCRA counsel subsequently filed a petition to withdraw as counsel and no-merit letter pursuant to **Turner**/**Finley**.[3] On December 31, 2018, the PCRA court entered an order granting PCRA counsel's petition to withdraw and notifying Appellant of the court's intent to dismiss the PCRA petition without a hearing in 20 days pursuant to Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907(1). Appellant did not file a response to the Rule 907 notice, and on February 5, 2019, the PCRA court dismissed Appellant's first PCRA petition. Appellant did not appeal from this order.

On May 7, 2019, Appellant filed, *pro se*, the instant PCRA petition. In his second petition, Appellant alleges that there was an insufficient factual basis for his plea, he was induced into accepting the plea by his plea counsel despite his innocence, that his plea counsel provided ineffective assistance of

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel, and that his PCRA counsel was ineffective for failing to request an evidentiary hearing or file an appeal. PCRA Petition, 5/7/19, at unnumbered pages 3-5. On October 2, 2019, the PCRA court filed a Rule 907 notice of its intent to dismiss Appellant's second PCRA petition without a hearing. Appellant filed a *pro se* response to the Rule 907 notice on October 15, 2019. On November 4, 2019, the PCRA entered an order dismissing the second PCRA petition as untimely. Appellant filed a timely appeal of this order.[4]

Appellant raises the following issues on appeal:

1. Whether there is sufficient evidence to sustain [Appellant's] conviction [] on the charge of[] voluntary manslaughter?

2. Whether [Appellant] knowingly, voluntarily, and intelligently entered into a plea of guilty, when he did not understand the exact crime he was pleading guilty to?

3. Whether trial counsel was ineffective in representation?

Appellant's Brief at 2 (unnecessary capitalization omitted). We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018).

Before reaching the merits of the petition, we must first consider whether it was timely filed. The PCRA provides that "[a]ny petition . . ., including a second or subsequent petition, shall be filed within one year of the

---

[4] The PCRA court did not request that Appellant file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 10, 2020, the PCRA court filed an opinion in which it relied on the reasons stated in its October 2, 2019 Rule 907 notice.

date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the petitioner alleges and proves one of the following three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim." *Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019).

In this case, Appellant entered his guilty plea and was sentenced on November 28, 2017, and the trial court issued an amended sentencing order on December 12, 2017. Appellant did not file an appeal from the original or amended sentencing order and therefore his judgment of sentence became final on January 11, 2018. *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

- 4 -

the review."); Pa.R.A.P. 903(a) (providing that a notice of appeal must filed within 30 days from the date of entry of the order from which the appeal is taken). The instant PCRA petition, filed on May 2, 2019, was thus untimely as it was filed more than one year beyond the date that his conviction became final. 42 Pa.C.S. § 9545(b)(1).

Therefore, the PCRA court lacked jurisdiction to hear Appellant's claims unless Appellant pleaded and proved one of the three statutory exceptions to the one-year time bar. *Id.*; *Greco*, 203 A.3d at 1124. Appellant did not cite any of the three timeliness exceptions in his petition nor can any of the allegations contained in the petition be fairly construed as attempting to invoke the Section 9545(b)(1) exceptions.[5] Accordingly, the PCRA court properly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

_____

[5] The petition is bereft of any allegations relating to newly discovered facts, a newly recognized retroactive constitutional right, or interference by government officials in his efforts to previously raise his PCRA claims. 42 Pa.C.S. § 9545(b)(1). While Appellant raised an ineffective assistance of counsel claim related to the performance of appointed counsel for his first PCRA petition, "[i]t is well-established that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Furthermore, waiver applies to claims of PCRA counsel ineffectiveness that could have been raised in a response to a Rule 907 notice but instead are deferred to a serial PCRA petition. *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/06/2020